UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MARTIN B., | ) | |
| | ) | |
|     **Plaintiff** | ) | |
| | ) | |
| v. | ) | No. 2:24-cv-00189-KFW |
| | ) | |
| MARTIN O'MALLEY, | ) | |
| Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
|     **Defendant** | ) | |

**ORDER ON THE PLAINTIFF'S UNOPPOSED
MOTION FOR ATTORNEY'S FEES**

    I previously granted the Commissioner's unopposed motion to reverse and remand this matter for further administrative proceedings. *See* Order (ECF No. 12).[1] The Plaintiff now seeks $1,497.60 in attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), for the 6.4 hours of work his attorney completed to achieve that result. *See* Motion for Attorney's Fees (ECF No. 15). The requested amount is based upon an hourly rate of $234.00, which the Plaintiff calculated by adjusting the $125.00 hourly rate authorized by the EAJA to align with the cost of living set forth in the Consumer Price Index prepared by the Bureau of Labor and Statistics. *See id*. The Commissioner does not oppose the motion.

    Because I conclude that the Plaintiff's request is reasonable, the motion is **GRANTED**. *See* 28 U.S.C. § 2412(b) (explaining that the court may only "award

---

[1] The parties have consented to me presiding over all proceedings in this action. *See* Declaration of Consent (ECF No. 13).

1

reasonable fees and expenses of attorneys" to the prevailing party); *id.* § 2412(d)(2)(A) ("[A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee."); *Traci H. v. Berryhill*, No. 1:16-cv-00568-JAW, 2018 WL 6716693, at *2 (D. Me. Dec. 21, 2018) (rec. dec.) (utilizing the Bureau of Labor Statistics Consumer Price Index "as the measure of whether cost of living adjustments above the $125 cap are warranted"), *aff'd*, 2019 WL 166543 (D. Me. Jan. 10, 2019).

I hereby **ORDER** that the Commissioner pay EAJA fees in the amount of $1,497.60 in full satisfaction of any and all attorney's fees and expense claims the Plaintiff may have in this case under the EAJA. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), these attorney fees and expenses are payable to the Plaintiff as the prevailing party and are subject to offset through the Treasury Department's Offset Program to satisfy any pre-existing debt the Plaintiff may owe to the government. If, after the entry of this order, the Commissioner determines that the Plaintiff owes no debt to the government that would subject this award to offset, the Commissioner may honor the Plaintiff's signed assignment of EAJA fees providing for payment of the subject fees to the Plaintiff's counsel, rather than to the Plaintiff. If, however, the Plaintiff is discovered to owe the government any debt subject to offset, the Commissioner shall pay any attorney's fees and expenses remaining after such offset to the Plaintiff rather than to counsel.

Dated: October 1, 2024                    /s/ Karen Frink Wolf
                                          United States Magistrate Judge